```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA


RICHARD P. RUTHERFORD,           :
                                 :
        Petitioner               :
                                 :
   v.                            :     CIVIL NO. 4:CV-04-2055
                                 :
TROY WILLIAMSON,                 :
                                 :     (Judge Conaboy)
                                 :
        Respondent               :
_____
```

## MEMORANDUM AND ORDER
### Background

This pro se petition for writ of habeas corpus was initiated by Richard Rutherford, a prisoner presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"). Named as Respondent is USP-Allenwood Warden Troy Williamson. Service of the petition was previously ordered.

On June 11, 1982, the Petitioner was sentenced in Kentucky state court to a forty-five (45) year term of incarceration following his conviction on charges of first degree robbery (2 counts); possession of a handgun by a convicted felon; and being a fugitive from justice.

Rutherford subsequently entered a guilty plea in the United States District Court for the District of Arizona to a charge of bank robbery. On October 18, 1982, he was sentenced by the District of Arizona to a twenty (20) year term of imprisonment which was ordered to run consecutively to his Kentucky state

1

sentence.

The Parole Board for the Commonwealth of Kentucky issued a certificate on July 6, 1998 which granted Rutherford parole "on or after July 30, 1998." Doc. 1, Exhibit 1. Pursuant to the certificate, Rutherford was to be transferred into the custody of the United States Marshal. This certificate was signed by the Governor and Secretary of State of Kentucky on July 27, 1998. Rutherford's signature, dated August 16, 1999, also appears on the certificate. See id. It is undisputed that Petitioner was not taken into custody by the United States Marshal until August 16, 1999.

Rutherford's present action claims entitlement to federal habeas corpus relief on the grounds that his federal sentence has been improperly calculated. Specifically, Petitioner asserts that the period of incarceration he served in a Kentucky state correctional facility from July 30, 1998 to August 16, 1999 should be credited towards service of his ongoing federal sentence. His petition notes that the period of confinement at issue was solely the result of a federal detainer and has not been applied towards service of any other sentence. Rutherford also indicates that the United States Marshal's Service waited thirteen (13) months after the effective date of his parole before transferring him into federal custody.

### Discussion

18 U.S.C. § 3568 provides in relevant part:

§ 3568. Effective date of sentence; credit for

> time in custody prior to the imposition of sentence.
>
> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

On November 1, 1987, § 3568 was repealed by the Sentencing Reform Act, 18 U.S.C. § 3585, which provides that a federal prisoner shall be given credit towards service of a term of imprisonment for any time spent in official detention, prior to the date his/her sentence commences, which has not been credited towards service of another sentence.[1]

---

[1] § 3585. Calculation of a term of imprisonment

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense

(continued...)

3

§ 3585(b) generally prohibits an award of double credit, in other words, the instant Petitioner may not receive credit on his federal sentence for time that has already been credited against his Kentucky state sentence. See Chambers v. Holland, 920 F. Supp. 618, 623 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996). However, § 3585 is applicable only to those federal offenses committed after its effective date of November 1, 1987, therefore, § 3568 is the applicable standard in the instant case because Rutherford's federal sentence was imposed on October 18, 1982.

Generally speaking, a federal sentence does not commence until the Attorney General of the United States receives the defendant into custody for service of his or her sentence. United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). However, even prior to the enactment of § 3585, it was recognized that federal prisoners were not entitled to prior custody time credit towards service of their federal sentence for periods of time spent in state custody unless the time was not credited towards their state sentence. United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981); see also Doyle v. Department of Justice, 1995 WL 412406 *7 (E.D. Pa. July 7, 1995).

Other courts which addressed similar issues to the present

---

[1](...continued)
               for which the sentence was imposed;

that has not been credited against another sentence.

case have held that credit against a federal sentence attaches only when "a federal detainer is the exclusive reason for an inmate's pretrial confinement." United States v. Blankenship, 733 F.2d 433, 434 (6th Cir. 1984) (emphasis in original).  A petitioner can obtain federal sentence credit if he satisfies his burden of showing that his state custody was solely the result of a federal detainer and that the period of incarceration was not credited towards service of his state sentence.  Boniface v. P.M. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988).

The United States Court of Appeals for the Third Circuit in Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) has similarly recognized that a prisoner was only entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum "unless and until the first sovereign relinquishes jurisdiction over the prisoner."

It is undisputed that the imposition of a federal detainer prevented the Petitioner from obtaining his release after being granted parole by the Commonwealth of Kentucky.  Based on this Court's review of the record, the effective date of the Petitioner's parole is unclear.  As previously noted, a certificate submitted by Rutherford provides that his state parole was effective on or after July 30, 1998.  See Doc. 1, Exhibit 1.  While this parole certificate was executed by Kentucky's Governor and Secretary of State on July 27, 1998, it was not signed by Rutherford until August 16, 1999.  Furthermore, the Respondent has

submitted a "Notice of Discharge" indicating that Petitioner was not released from Kentucky state custody until August 16, 1999. See Doc. 6, Attachment 2.

This Court acknowledges that it is not familiar with the 1998-99 parole procedures and policies of the Commonwealth of Kentucky. Of paramount concern in this case is whether the period of confinement between July 30, 1998 to August 16, 1999 was credited towards service of Rutherford's state sentence. If that period was properly applied against Petitioner's state sentence, he is clearly not entitled to federal habeas corpus relief.

However, the information provided by both parties does not clearly establish whether the period of time at issue was credited towards service of the Petitioner's state sentence. The Respondent acknowledges the lack of harmony between the certificate of parole submitted by Rutherford and the Notice of Discharge. Moreover, they state that Petitioner's "complaint [regarding the discrepancy] lies with the Kentucky Department of Corrections as well as the Kentucky State Parole Board." Doc. 6, p. 6.

This Court is not primarily concerned with the issue of assessing blame in this case. Rather, as previously noted, it is the obligation of this Court to ensure that Petitioner is given proper sentence credit for every day of his confinement. Based on the record before this Court, it is uncertain whether Rutherford has been given proper credit for the period of July 30, 1998 to August 16, 1999.

Pursuant to the above discussion, the petition for writ of

habeas corpus will be granted in part.  This matter will be remanded to the BOP.  Within thirty (30) days of the date of this Memorandum, the BOP will recompute Rutherford's federal sentence by obtaining confirmation from Kentucky state officials as to whether the Petitioner's effective parole date was July 30, 1998.  If so, the BOP must further determine whether the period of July 30, 1998 to August 16, 1999 was credited towards service of Rutherford's Kentucky state sentence.  In the event that said period was not credited against Petitioner's state sentence, it should be applied against service of his ongoing federal sentence.

Finally, within forty-five (45) days of the days of this Order, the parties shall submit written status reports advising the Court as to the sentence computation regarding the period at issue.  An appropriate Order will enter.

AND NOW THIS 23rd DAY OF MAY, 2005, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

> 1. The petition for writ of habeas corpus is granted in part.
> 2. Within thirty (30) days of the date of this Order, the Federal Bureau of Prisons will recompute Petitioner's federal sentence by: (1) determining his actual date of parole by the Commonwealth of Kentucky and ascertaining whether the period of July 30, 1998 to August 16, 1999 was credited towards service of his

7

>       Kentucky state sentence.
> 3.    Within forty-five (45) days of the date of this
>       Order the parties shall file written status
>       reports advising this Court as to the current
>       sentence computation of the period at issue.
> 4.    The Clerk of Court is directed to close the
>       case.

                        <u>S/Richard P. Conaboy</u>
                        RICHARD P. CONABOY
                        United States District Judge